## THE NODDLEBURN.

### (*Circuit Court, D. Oregon.* February 8, 1887.)

1. DISTRICT COURT—JURISDICTION—TORTS ON THE HIGH SEAS.
   The district courts have cognizance of torts committed on the high seas, when the parties, or the vessel are found within their jurisdiction, without reference to the nationality of either.

2. SAME—EXERCISE OF JURISDICTION—DISCRETION OF COURT.
   The court may in its discretion take, or decline this jurisdiction, in the case of a controversy between foreigners; and its action in this respect will be followed on appeal, unless it plainly appears to the appellate court, that such discretion has been wrongly exercised.

3. NEGLIGENCE—INJURY TO SEAMEN FROM DEFECTIVE CRANE-LINE.
   On the evidence, the findings of the district court, that the injury to the libelant was caused, without his fault, by a defective crane-line, which defect was known to the master, affirmed, and the damages given therefor allowed, with interest and costs.

(*Syllabus by the Court.*)

In Admiralty. Suit for damages and wages.
Appeal from district court. Decree in 28 Fed. Rep. 855, affirmed.
*Edward N. Deady*, for libelant.
*C. E. S. Wood*, for claimant.

SAWYER, J. The bark Noddleburn is a British vessel, and the claimant, master, and libelant are British subjects. Although the point as to the jurisdiction of the court over the subject-matter does not appear to have been much relied on in the district court, it is quite earnestly pressed here. Under the authorities cited by the district judge, and the reasoning found in them, I think there can be little doubt that the court had jurisdiction. All actions for injuries *ex delicto* to the person, and actions on contracts, are transitory, and may generally be maintained wherever the parties may be found, whether in the country where the cause of action arose or elsewhere.

This suit is of that nature, upon a cause for which the ship as well as the master is liable. The cause of action arose upon the high seas, and it is a case of admiralty and maritime jurisdiction. The parties, at the time of the commencement of the suit, were all within the territorial jurisdiction of the court, and the statutes of the United States confer jurisdiction "of all civil causes of admiralty and maritime jurisdiction." Both the subject-matter and the parties were, therefore, at the time of filing the libel, within the jurisdiction of the district court. *Bernhard* v. *Greene*, 3 Sawy. 230; *The Belgenland*, 114 U. S. 355, 5 Sup. Ct. Rep. 860.

But, there being no treaty stipulations controlling the matter, the cases cited also recognize the principle that where a cause of suit of this kind arises upon the high seas, between subjects of a foreign nation, it is a matter of sound discretion with the court, depending upon the circumstances of the particular case, whether it will exercise or decline to exercise jurisdiction. *The Belgenland*, 114 U. S. 364, 5 Sup. Ct. Rep. 860. Says the court in this case:

"But, although the courts will use a discretion about assuming a jurisdiction of controversies between foreigners in cases arising beyond the territorial jurisdiction of the country to which the courts belong, yet where such controversies are *communis juris*, that is, where they arise under the common law of nations, special grounds should appear to induce the court to deny its aid to a foreign suitor when it has jurisdiction of the ship or party charged. The existence of jurisdiction in all such cases is beyond dispute. The only question will be whether it is expedient to exercise it. See 2 Pars. Shipp. & Adm. 226, and cases cited in notes."

In this case the court decided that there was a proper occasion, under all the circumstances, for taking jurisdiction; and it acted upon that determination. In the language of the supreme court in *The Belgenland*, 114 U. S. 368, 5 Sup. St. Rep. 860: "As the assumption of jurisdiction in such cases depends so largely on the discretion of the court of first instance, it is necessary to inquire how far an appellate court should undertake to review its action." The court quotes from an English case (*The Leon XIII.*, 8 Prob. Div. 121) on this point as follows: "'The plaintiff must show that the judge has exercised his discretion on wrong principles, or that he has acted so absolutely differently from the view which the court of appeals holds, that they are justified in saying he exercised it wrongly. I cannot see that any wrong principle has been acted on by the learned judge, or anything done in the exercise of his discretion so unjust or unfair as to entitle us to overrule his discretion;'" and the

supreme court then adds: "This seems to us to be a very sound view of the subject; and, acting on this principle, we certainly see nothing in the course taken by the district judge, in assuming jurisdiction of the present case, which calls for animadversion."

So, also, I see nothing in the action of the court below "in assuming jurisdiction of the present case which calls for animadversion." Indeed, it would be but little short of an arbitrary denial of justice, in many cases of this kind, to turn a party out of court, and refer him to the courts of his own country, with the probability that he could never find the ship in a port of the nation to which it belongs, and whither, perhaps from poverty, or in consequence of his injury, or from other causes, the injured party could not follow it; and, if he did, his witnesses would probably be scattered, and the evidence to establish his right unattainable. In such cases there could be nothing to affect injuriously the rights of the nation to which the ship belongs. Indeed, it is its interest that justice should be properly administered between its subjects by some impartial tribunal, such as the court of a foreign friendly nation is likely to be. I see nothing in this case to justify interfering with the discretion as exercised by the district judge.

As to the merits of the controversy, I have examined all the evidence with care, and I see no substantial reason to find fault with the conclusions attained by the district judge upon the facts, or the law applied to them. There is some conflict in the testimony upon some of the material facts, but upon the whole I think the district judge was correct in his findings of facts. At all events he had the witnesses before him, and was in a better position to judge of the credibility of the opposing witnesses upon the points of difference than this court can be. But upon the evidence as presented in the record I am satisfied with his findings.

I therefore affirm and adopt the findings of fact as stated in the decree of the district court, and affirm the decree. It is therefore ordered that a decree be entered in favor of the libelant and appellee for the sum of $1,570.70, with interest thereon at the rate of 7 per cent. per annum from the date thereof, October 23, 1886, till the entry of the decree now ordered, together with his costs and disbursements herein, to be duly taxed.